**ALD-028**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2329
_____

ASIA JOHNSON,
                                        Appellant

v.

CLIFFORD HARRIS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00610)
District Judge: Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2018

Before: MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: February 7, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Pro se Appellant Asia Johnson appeals from the District Court's order dismissing

her complaint.  For the reasons detailed below, we will summarily affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In the District Court, Johnson sought to file an in forma pauperis ("ifp") complaint naming Clifford Harris – a musician who goes by the name of T.I. – as a defendant. Although her complaint is difficult to decipher, Johnson appears to allege that Harris stole her copyrighted music from her and harassed her. Additionally, she mentioned that Andrew Irvin – who is not a party in this case – faked his death, and that local music groups put a "gun beam" in her mouth. As relief, Johnson requested an end to Harris's offenses. In an order entered on the docket on May 11, 2018, the District Court granted Johnson's ifp motion, and then sua sponte dismissed the complaint as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Johnson filed a notice of appeal on June 14, 2018.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over dismissals under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

---

[1] Although filed more than 30 days after the entry of the District Court's order on the docket, Johnson's notice of appeal was timely filed. Because the District Court's order did not satisfy Federal Rule of Civil Procedure 58(a)'s separate document requirement, Johnson had 180 days in which to file her notice of appeal. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223-24 (3d Cir. 2007).

The District Court did not err in dismissing Johnson's complaint. Johnson's short complaint included allegations that strained plausibility. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining that an action can be frivolous for either legal or factual reasons). Furthermore, even if another person faked his own death or others put a gun beam in Johnson's mouth, it is unclear how the defendant in this case, Harris, is responsible or legally liable for those actions. To the extent Johnson presented some sort of claim for copyright infringement, her conclusory allegations against Harris failed to state a claim upon which relief can be granted. See Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002) (To establish a claim of copyright infringement, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."). Even construing Johnson's pro se complaint liberally and in a light most favorable to her, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it is difficult to discern a cause of action. Also, to the extent that Johnson was seeking to raise any state law claim, we agree with the District Court that there is no apparent independent basis for jurisdiction.

Lastly, the District Court did not err in not allowing Johnson to amend her complaint because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, for the reasons given, we will summarily affirm the judgment of the District Court.

3